UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN A. SIFFERMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | Case No. EDCV 12-01185-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |

**PROCEEDINGS**

On July 23, 2012, Kathleen A. Sifferman ("Plaintiff" or "Claimant") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability benefits under Titles II and XVI of the Social Security Act. On November 13, 2012, the Commissioner filed an Answer to the Complaint. On January 28, 2013, the parties filed a Joint Stipulation ("JS") setting forth their positions and the issues in dispute.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. The matter is now ready for decision. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff filed applications for Supplemental Security Income and Disability Insurance benefits with a protective filing date of July 19, 2005. (AR 76, 123-30.) Plaintiff claims she is disabled due to anxiety, depression, and a sleeping disorder. (AR 148.) Plaintiff has not engaged in substantial gainful activity since April 30, 2002. (AR 12, 148-49.)

Plaintiff's claim was denied initially on June 7, 2006 (AR 88-92), and on reconsideration on January 12, 2007. (AR 94-98.) Plaintiff filed a timely request for hearing on February 15, 2007. (AR 101.) Plaintiff appeared with counsel and testified at a hearing held on January 25, 2008, before Administrative Law Judge ("ALJ") F. Keith Varni. (AR 41-56.) The ALJ issued an undated decision denying benefits. (AR 76-84.) On March 18, 2008, Plaintiff filed a timely request for review of the ALJ's decision. (AR 116-18.) On June 20, 2008, the Appeals Council vacated the ALJ's decision and remanded for further proceedings. (AR 85-87.)

The ALJ held a second hearing on March 11, 2009 (AR 57-69), and issued an unfavorable decision on May 22, 2009. (AR 10-18.) The ALJ determined that Plaintiff has the severe impairments of monocular vision, inappropriate somnolence, and a mood disorder, but was capable of performing jobs that exist in significant numbers in the national economy. (AR 12, 17.) Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act since the date her applications were filed. (AR 18.)

Plaintiff commenced the instant action after the Appeals Council denied her request for review on July 16, 2009. (AR 2-4.) On June 6, 2011, this Court found legal error and reversed and remanded for further proceedings. (AR 802-815.)

This case proceeded to a third hearing before ALJ Michael D. Radensky in San Bernardino, California. (AR 752-501.) Claimant appeared and testified at the hearing. (AR 734.) Medical expert ("ME") Joseph Malancharuvil, Ph.D., and vocational expert ("VE") Troy L. Scott also appeared and testified. (AR 734.) Plaintiff was represented by counsel. (AR 734.)

The ALJ issued an unfavorable decision on November 4, 2011. (AR 734-736.) The Appeals Council denied review on May 23, 2012. (AR 715-718.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, there are two disputed issues:

1. Whether the ALJ properly considered the medical evidence as contained in the treating opinion from Jesus Bucardo, M.D.; and

2. Whether the ALJ properly considered the testimony of Plaintiff.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

1    If the claimant cannot perform his or her past relevant work or has no past relevant
2 work, the ALJ proceeds to the fifth step and must determine whether the impairment
3 prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel,
4 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one
5 through four, consistent with the general rule that at all times the burden is on the claimant to
6 establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie
7 case is established by the claimant, the burden shifts to the Commissioner to show that the
8 claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114
9 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the
10 Commissioner must provide evidence demonstrating that other work exists in significant
11 numbers in the national economy that the claimant can do, given his or her RFC, age,
12 education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet
13 this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff
has not engaged in substantial gainful activity since April 30, 2002, the alleged onset date.
(AR 736.)

At step two, the ALJ determined that Plaintiff has the following combination of
medically determinable severe impairments: depression and personality disorder. (AR 736.)

At step three, the ALJ determined that Plaintiff does not have an impairment or
combination of impairments that meets or medically equals one of the listed impairments.
(AR 737.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all
exertional levels with the following non-exertional limitations:

> Claimant is limited to simple repetitive tasks, no interaction with the
> public, only non-intense interaction with co-workers and supervisors, no

tasks requiring hypervigilence, no safety operations and no fast paced work such as rapid assembly.

(AR 738.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 738, 741.)

At step four, the ALJ found that Claimant is unable to perform any past relevant work as an overnight stock clerk, teacher's aide, or receptionist. (AR 744.) At step five, however, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, including representative occupations such as hand packager, packing machine operator, and industrial cleaner. (AR 745.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act at any time from April 30, 2002, through the date of the ALJ's decision. (AR 746.)

## DISCUSSION

The Court must affirm the ALJ's decision. The Court, in its prior opinion, determined that the prior ALJ had not adequately considered Plaintiff's mental impairments, psychiatric medications, verbally and physically assaultive behavior, and suicidal thoughts and plans. (AR 807-810.) On remand, the new ALJ received new medical evidence, added the impairment of personality disorder, and assessed more restrictive limitations to account for Plaintiff's subjective complaints. (AR 744.) The new medical evidence indicates that Plaintiff does not have bipolar disorder or any cognitive dysfunction. (AR 744.) The ALJ's interpretation of the evidence is reasonable and supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.   THE ALJ PROPERLY REJECTED THE TESTIMONY OF DR. BUCARDO, PLAINTIFF'S TREATING PHYSICIAN**

Plaintiff contends that the ALJ improperly rejected the opinions of Dr. Bucardo, Plaintiff's treating physician. The Court disagrees.

### A. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a

non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Dr. Bucardo was Plaintiff's primary treating psychiatrist at the Riverside County Department of Mental Health from June 2007 through February 2009. (AR 678, 693-714.) On February 23, 2009, Dr. Bucardo diagnosed Plaintiff with bipolar disorder and borderline intellectual functioning. (AR 714.) He stated Plaintiff could not hold a job because of cognitive impairment and unstable mood/impulsive outbursts. (AR 714.) Dr. Bucardo repeated these opinions in a February 16, 2011, Medical Source Statement of Ability To Do Work Related Activities (Mental). (AR 871-877.) He did so again in progress notes. (AR 960, 961, 962.)

The ALJ provided specific, legitimate reasons for rejecting Dr. Bucardo's opinion. On remand, Dr. Malancharuvil testified at the hearing as a medical expert in psychiatry who reviewed the entire record of medical evidence. (AR 742, 759-770.) He diagnosed Plaintiff with the medically determinable impairments of mood disorder and personality disorder. (AR 742.) Dr. Malancharuvil found that Plaintiff had mild to moderate difficulty with concentration, persistence and pace, and should be limited to object oriented work, with no more than 4-5 steps of in instruction or moderately complex tasks. (AR 742-743.) He testified that Claimant did not have bipolar disorder because there would be manic behavior not supported in treatment notes. (AR 743.) The ALJ gave "great weight" to Dr. Malancharuvil's opinion. (AR 744.) Even though he is a non-examining physician, Dr. Malancharuvil's opinion constitutes substantial evidence because it is consistent with independent clinical findings or other evidence in the record, specifically the opinions of Dr. Abejuela and Dr. Fetterman, on whom he relied. Thomas, 278 F.3d at 957.

1  Dr. Carol Fetterman, Ph.D., a psychologist, examined Plaintiff on April 25, 2011, and performed multiple tests. (AR 744, 878-885.) She opined that Plaintiff's difficulty relating to others was mild and her difficulty managing simple and detailed instructions were mild. (AR 744.) Plaintiff had average test scores with no evidence of severe cognitive difficulties. (AR 744.) Dr. Bucardo opined that Plaintiff had cognitive issues including borderline functioning that would not improve, but he never ordered any testing. (AR 43-7, 744.)

Although Plaintiff disagrees with the ALJ's interpretation of the medical evidence, it is the ALJ who is responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039; Magallanes, 881 F.2d at 750. Here, the ALJ's interpretation was reasonable and should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected Dr. Bucardo's opinion for specific, legitimate reasons supported by substantial evidence.

## II.  THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ improperly discounted her credibility. The Court disagrees.

### A.  Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen v. Chater, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.

Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 741.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not entirely credible to the extent they are inconsistent with the ALJ's RFC assessment. (AR 741.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

Plaintiff claims disability due to anxiety, depression and anger. (AR 738.) The ALJ found Plaintiff "partially credible," but only to the extent of the limitations in the RFC. (AR 738, 741.) The ALJ properly discounted Plaintiff's subjective symptoms to the extent inconsistent with the ALJ's RFC for clear and convincing reasons supported by substantial evidence. First, the ALJ discounted Plaintiff's credibility because the claimed symptoms were not supported by the medical evidence. (AR 738-744.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959. The allegation of greater limitations than assessed in the ALJ's RFC turns on the opinion of Dr. Bucardo, who reported severe symptoms (AR 744), but the Court has held the ALJ reasonably rejected Dr. Bucardo's opinion and RFC. Most of the treatment records, moreover, support that Claimant was stable on medications, slept well, had energy, and was high functioning with mild to no side effects. (AR 738.) In the prior opinion, the Court was concerned with

episodes of verbally and physically assaultive behavior, but most mental evaluations were normal and treatment notes indicated Claimant was stable on medications. (AR 742.) Even Dr. Bucardo reported Claimant to be stable on medications. (AR 743.) The Court also was concerned in the prior opinion with incidents of suicidal ideation, but the ALJ found Claimant denied any current suicidal or homicidal ideation. (AR 741.) The ALJ's interpretation of the medical evidence was reasonable and should not be second-guessed. Rollins, 261 F.3d at 857.

Second, the ALJ found that Plaintiff had made multiple inconsistent statements within her testimony, in an attempt to diminish her abilities. (AR 739, 740.) Third, the ALJ found that Plaintiff's daily activities are not limited to the extent expected, given Plaintiff's claimed limitations. Daily activities inconsistent with claimed limitations are a legitimate factor in assessing credibility. Bunnell, 947 F.2d at 345-46. While these activities alone do not prove that Plaintiff can return to work, they can establish that the symptoms are not as severe as alleged. Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009). In its prior opinion, the Court found that the ALJ failed to make findings of inconsistent daily activities, but the ALJ in the new opinion properly documents the inconsistent daily activities in his decision. (AR 740.)

The ALJ did acknowledge that Plaintiff has difficulty with anger and getting along with others (AR 744), consistent with Dr. Malancharuvil's diagnosis of personality disorder. The ALJ gave Plaintiff additional limitations as it relates to working with the public, co-workers, and peers. (AR 744.) The ALJ reduced Plaintiff to simple repetitive tasks and no fast-paced work. (AR 744.)

Thus, the ALJ's interpretation of the medical evidence was reasonable and properly credited Plaintiff's subjective symptom testimony with increased limitations, but reasonably concluded that greater limits were not justified based on clear and convincing reasons supported by substantial evidence.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 6, 2013            */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE